P & Z COMPANY, INC., Traylor/S & M Joint Venture, Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 12771.

District of Columbia Court of Appeals.

Argued June 14, 1978.

Decided Dec. 5, 1979.

William H. Roberge, Jr., Washington, D. C., with whom Harold Gordon, Washington, D. C., was on brief, for appellants.

David P. Sutton, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, Washington, D. C., at the time the brief was filed, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on brief, for appellee.

Before GALLAGHER and MACK, Associate Judges, and YEAGLEY, Associate Judge, Retired.

MACK, Associate Judge:

Appellants seek review of their misdemeanor convictions for failing to report employee injuries as required by D.C.Code 1973, § 36–438(c) (the D.C. Industrial Safety

Act).[1] They argue that the D.C. statute is inoperative because it was preempted by congressional passage of the Occupational Safety and Health Act of 1970 (OSHA).[2] We affirm the trial court's determination that OSHA did not invalidate the reporting requirement of the D.C. Industrial Safety Act.

D.C.Code 1973, § 36–438(c) requires employers to submit to the Minimum Wage and Industrial Safety Board copies of reports filed under the Workers' Compensation law.[3] This section is part of the congressional Act of October 14, 1941 designed to "foster, promote, and develop the safety of wage earners in the District of Columbia." D.C.Code 1973, § 36–431. Appellants attack the application of this statute on three grounds: 1) the provision in OSHA which preempts state standards, 29 U.S.C. § 667 (1976), operates to explicitly preempt the District of Columbia reporting requirement; 2) even if the preemption section of OSHA does not specifically apply to the District of Columbia statute, the entire OSHA act serves to preempt by implication the D.C. requirement; 3) the District of Columbia reporting procedures are not necessary given that there are no local standards to enforce.

We note at the outset that this case presents two differing concepts of preemption—one statutory and the other constitutional. Appellants' first argument involves the preemption provision contained in the OSHA statute itself, 29 U.S.C. § 667. They contend that under this provision, state jurisdiction with respect to occupational health and safety standards is precluded when federal standards have been promulgated.[4]

■ Appellants' arguments present an overly broad interpretation of OSHA preemption. The OSHA regulatory approach distinguishes and treats separately three functions: 1) standard specification (29 U.S.C. § 655); 2) standard enforcement (§§ 658, 659); and 3) information gathering and reporting requirements (§§ 657, 673). The OSHA preemption section maintains these distinctions. States clearly continue to have authority over all three functions where no federal standard has been enacted under § 655.[5] For those issues of workplace activity where a federal standard has been promulgated, the states may assume responsibility for all or part of standard specification and enforcement by filing an approved "state plan" as per § 667(b). The term "standard" in this context is a word of art. The OSHA preemption subsections specifically apply only to standards promulgated by rule under § 655. In this regulatory scheme, the third function, reporting, is not covered by the preemption provision since it is not considered a standard. The authority for OSHA to implement reporting requirements is set forth in separate OSHA provisions §§ 657(c) and 673,[6] thereby re-

1. D.C.Code 1973, § 36–438(c) states:
   Every employer shall submit to the Board within ten days from the date of any injury or death, or from the date that the employer has knowledge of any disease or infection resulting from any injury, a duplicate copy of the report provided for in section 930 of title 33, U.S.Code, as made applicable to the District of Columbia by sections 36–501 and 36–502.

2. 29 U.S.C. § 651 (1976) et seq.

3. 33 U.S.C. § 930(a) (1976) specifies the following reporting requirements:
   Within ten days from the date of any injury or death or from the date that the employer has knowledge of a disease or infection in respect of such injury, the employer shall send to the Secretary a report setting forth (1) the name, address, and business of the employer; (2) the name, address, and occu-

pation of the employee; (3) the cause and nature of the injury or death; (4) the year, month, day and hour when and the particular locality where the injury or death occurred; and (5) such other information as the Secretary may require. A copy of such report shall be sent at the same time to the deputy commissioner in the compensation district in which the injury occurred.

4. 29 U.S.C. § 652(7) (1976) defines "State" to include the District of Columbia.

5. 29 U.S.C. § 667(a) (1976); *Green Montain Power Corp. v. Comm'r of Labor and Industry*, 383 A.2d 1046 (Vt.1978).

6. Appellants erroneously argue that because the OSHA reporting regulations, 29 C.F.R. §§ 1904.1 to .22 (1978), were promulgated pursuant to § 655, they operate to preempt the

moving the regulations from the preemption provision. The states may continue reporting efforts regardless of whether a state plan is in effect, since they may assert authority over any issue not covered by a § 655 standard. The statutory preemption section of OSHA is thus not applicable in this case.[7]

▪ Appellants' second argument mistakenly raises the spectre of constitutional preemption. This theory, derived from the Supremacy Clause,[8] operates to define the proper spheres of governmental authority within the federal system. It arises when federal and state regulatory efforts come into conflict.[9] It is not applicable here. Both the statutes allegedly in conflict are acts of the same legislative body—the U. S. Congress. Thus appellants' argument must be characterized as whether Congress, in enacting OSHA, repealed by implication the D.C. Industrial Safety Act.

▪ Repeals by implication are not favored. *United States v. Borden Co.*, 308 U.S. 188, 198, 60 S.Ct. 182, 84 L.Ed. 181 (1939); *Goodwin v. District of Columbia Board of Education*, D.C.App., 343 A.2d 63 (1975). The Supreme Court has recently summarized the strict requirements for a judicial determination of repeal by implication:

> In the absence of some affirmative showing of an intention to repeal, the only permissible justification for a repeal by implication is when the earlier and later statutes are irreconcilable.

\*　　\*　　\*　　\*　　\*　　\*

[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective. [*Morton v. Mancari*, 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2482, 2483, 41 L.Ed.2d 290 (1973).]

*See also Bradley v. Kissinger*, 418 F.Supp. 64, 68 (D.D.C.1976). This principle is especially applicable where it is urged that a specific statute is repealed by a more general one. *United States v. United Continental Tuna Corp.*, 425 U.S. 164, 96 S.Ct. 1319, 47 L.Ed.2d 653 (1976).

▪ Appellants have been unable to direct our attention to any provision in OSHA which even arguably indicates that Congress intended to repeal by implication the D.C. statute. To the contrary, OSHA § 653(b)(4) expressly states the congressional desire not to supersede or in any manner affect preexisting duties of employers under antecedent congressional enactments. Section 653(b)(2) lists several acts explicitly superseded by OSHA. The D.C. statute is not mentioned. The absence of any intent to repeal is further bolstered by the fact that Congress amended the D.C. Industrial Safety Act *after* enactment of OSHA,[10] hardly an action it would take if the Act were repealed. We must conclude that Congress intended the two statutes to co-exist. Rather than being irreconcilable, they harmoniously complement each other.

We find no merit to appellants' final contention that since the District of Columbia

District of Columbia reporting requirements. However, the OSHA requirements were promulgated under §§ 657 and 673. Thus they are removed from operation of the statutory preemption provisions.

7. We find nothing in the legislative history of OSHA that would support appellants' interpretation. The House Report, in specifically referring to the need for improved information, suggests that the federal and state governments' first step should be the institution of adequate statistical programs. H.Rep.No.91–1291, 91st Cong., 2d Sess. 30 (1971). It would be illogical to interpret this suggestion as applicable only

to states with "state plans." If that were the meaning, the institution of reporting programs could scarcely be a first step under OSHA.

8. Supremacy Clause of the U. S. Constitution, Art. VI, Cl. 2.

9. *See generally Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); *Kargman v. Sullivan*, 552 F.2d 2 (1st Cir. 1977).

10. Jan. 5, 1971, Pub.L.No.91–650, 84 Stat. 1936, *amending* D.C.Code 1967, §§ 36–432, –436 and –442.

has no standards of its own to enforce,[11] the reporting procedures of § 438(c) are unnecessary. Appellants overlook the fact that OSHA encourages the states to collect data in their efforts to formulate standards "at least as effective" as those adopted under OSHA. *See, e. g.,* 29 U.S.C. §§ 667(c)(2), 672(a)(3).[12] If no federal standards exist, or if the state is acting under an approved state plan, the states have the power to make and enforce their own standards. Section 438(c) provides the D.C. government with an effective tool to monitor the health and safety of D.C. wage earners. The D.C. Council has the power and duty to make and enforce local standards. D.C. Code 1973, § 36–433. The reported data at issue here are necessary to discharge these functions effectively. The D.C. government must receive current information on the status of occupational health and safety in the District if it is to evaluate responsibly the necessity for adopting new standards.

The local interests served by § 438(c) reports are fully consistent with the aims and goals of both OSHA and the D.C. Industrial Safety Act. Accordingly, the judgment below is

*Affirmed.*

---

**11.** Since no "state plan" has been approved for the District, the federal standards remain in effect.

**12.** *See also* note 7, *infra.*